UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LACCINOLE, | ) |
| Plaintiff, | ) No. 25 CV 5800 |
| v. | ) Magistrate Judge Young B. Kim |
| WAYNE M. LOPEZ d/b/a VARRO LEON, | ) |
| Defendant. | ) July 31, 2025 |

**MEMORANDUM OPINION and ORDER**

Before the court is Subpoena Respondent Trans Union, LLC's ("TU") motion to quash Plaintiff Christopher Laccinole's subpoena for records. For the following reasons, the motion is granted in part and denied in part:

**Background**

Plaintiff filed this class action in the Northern District of California on November 7, 2024, alleging that Defendant Wayne M. Lopez requested and obtained Plaintiff's consumer report from TU without a permissible purpose in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").[1] (R. 1, TU's Mot. at 2.) During fact discovery in the underlying matter in California, Plaintiff served a subpoena on TU seeking 11 categories of documents, including consumer reports and marketing

---

[1] In his complaint, Plaintiff seeks to certify a class defined as follows: "All consumers within the United States for whom Defendant requested and obtained a consumer report on such consumer within the two years prior to the filing of the Complaint through the conclusion of this case and to whom Defendant did not send such consumer a firm offer of credit." (R. 8, Pl.'s Resp. Ex. A, Compl. ¶ 21.) A hearing on the motion for class certification is currently set for December 11, 2025, according to the docket report in the underlying matter.

lists showing Plaintiff's name that TU sold or sent to Defendant, and communications with Defendant pertaining to Plaintiff. (See id. at 2; id., Ex. A, Pl.'s Subpoena.) TU lodged general objections to this subpoena, arguing that the requests are unduly burdensome because the information can be obtained from a less burdensome source and the documents are irrelevant to Plaintiff's claims. (Id. at 1.) After meeting and conferring with TU about its objections, Plaintiff declined to modify the scope of his subpoena. (Id. at 2.) TU now moves to quash it.

## Analysis

The Seventh Circuit has explained that district courts are best equipped to assess competing interests in discovery disputes, *see Walsh v. Alight Sols. LLC*, 44 F.4th 716, 727 (7th Cir. 2022), and the decision to quash a subpoena is within a district court's sound discretion, *see Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1081 (7th Cir. 2016). Under Federal Rule of Civil Procedure 45(d)(1), a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(2)(B) in turn protects objecting nonparties from being subjected to "significant expense resulting from compliance" with the subpoena. And pursuant to Rule 45(d)(3), the district court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or that subjects a person to undue burden. In short, obtaining information from nonparties through subpoenas has limits. *See HTG Cap. Partners, LLC v. Doe(s)*, No. 15 CV 2129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015). Still, the party moving to quash the subpoena—here, TU—bears the burden of

2

"establishing the impropriety of the subpoena." *Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*, No. 22 CV 5757, 2023 WL 2974083, at *1 (N.D. Ill. April 17, 2023).

## A.     Less Burdensome Source

TU first argues that the subpoena is unduly burdensome because Defendant already has the documents Plaintiff seeks and Plaintiff can simply ask Defendant for the same in discovery. (R. 1, TU's Mot. at 5.) Given the nature of the documents Plaintiff seeks—documents exchanged between TU and Defendant—TU makes a good point. "There is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Tresóna Multimedia, LLC v. Legg*, No. 15 CV 4834, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015). But "before judicially protecting discoverable documents from third-party disclosure," this court must "independently determine if good cause exists." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 795 (7th Cir. 2009) (internal quotations and citation omitted). Despite TU's conclusion that Defendant already has the documents Plaintiff seeks in the subpoena, Defendant denies having such documents—and he takes the position that he "never accessed or ordered Plaintiff's consumer report." (R. 8, Pl.'s Resp. at 3.) Furthermore, when deposed, Defendant testified in June 2025 that he "did not" pull Plaintiff's credit report and "never pull[s] credit." (R. 17-1, Pl.'s Supp. Resp. at 2-3; id., Ex. A, Lopez Dep. Tr. at 44-45.) Defendant further testified that he has never purchased credit products from TU. (Id., Ex. A, Lopez Dep. Tr. at 34, 56-57.)

3

However, Exhibit A to the class complaint in the underlying matter directly contradicts Defendant's representation because it purportedly says Defendant in fact requested and received Plaintiff's consumer report from TU for the purpose of sending a so-called "promotional" offer of credit. (R. 8, Pl.'s Resp. at 2; R. 8-2, Compl., Ex. A.) Plaintiff also alleges in his complaint that Defendant obtained not only Plaintiff's consumer report but also reports or prescreened lists related to other individuals, all without a permissible purpose in violation of the FCRA. (R. 8-2, Compl. at 2-3.) And in his affirmative defenses, Defendant represents that he requested and obtained Plaintiff's consumer report from TU with consent or a permissible purpose to do so. (R. 8-3, Ans. at 6, 8, 10-11 (asserting that Defendant's conduct occurred "with the consent of Plaintiff or someone acting on Plaintiff's behalf" or a "permissible purpose").)

This inconsistency between Defendant's denials and Plaintiff's Exhibit A attached to the complaint—and even Defendant's own affirmative defenses—suggests the need for Plaintiff to obtain discovery from TU to clarify what actions Defendant took and to define the scope of consumer information Defendant accessed, if any. In short, Plaintiff is not seeking discovery on discovery but rather has a legitimate basis for requesting the documents from TU. And the documents Plaintiff seeks from TU undoubtedly relate to the core issue in the underlying matter—whether Defendant obtained Plaintiff's consumer report from TU. Any burden imposed on TU is outweighed by the benefit Plaintiff will receive from TU's response to the subpoena and the production of the requested documents, if there are any. *See*

4

*Phoenix Ins. Co. v. S.M. Wilson & Co.*, No. 20 CV 3063, 2020 WL 3124312, at *3 (C.D. Ill. June 12, 2020) (citing *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004)). This is especially true because Defendant denies being in possession of these documents. (R. 8, Pl.'s Resp. at 7; R. 17-1, Pl.'s Supp. Resp. at 2-3; id., Ex. A, Lopez Dep. Tr. at 44-45.) Without these documents, Plaintiff would be strongly disadvantaged in preparing and presenting his case, underscoring the need to deny the motion in part. *Cf. BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018).

## B.     Relevance and Proportionality

Federal Rule of Civil Procedure 45 sets forth the procedures governing a subpoena issued to a nonparty. Under Rule 45, the scope of a subpoena to a nonparty "is as broad as what is otherwise permitted" under Rule 26(b)(1). *See Powell v. UHG 1 LLC*, No. 23 CV 6389, 2024 WL 4286960, at *2 (N.D. Ill. Sept. 25, 2024) (internal quotations and citation omitted). Thus, discovery is permitted on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 15 CV 195, 2016 WL 614144, at *4 (N.D. Ind. Feb. 16, 2016).

Plaintiff alleges in the underlying matter that Defendant violated the FCRA by improperly accessing consumer reports and prescreened lists from TU without proper authorization. (R. 8, Pl.'s Resp. at 2; id., Ex. A, Class Action Compl. and Exhibit.) The subpoena requests documents relating to consumer reports and marketing lists showing Plaintiff's name that TU sold or sent to Defendant, and

5

communications exchanged between them relating to Plaintiff. (See R. 1, TU's Mot., Ex. A, Pl.'s Subpoena.) Accordingly, there is a clear nexus between the claims in the underlying matter and the documents Plaintiff seeks from TU. These documents directly relate to the issues of whether Defendant accessed Plaintiff's reports and, if so, whether he did so with consent or for a permissible purpose.

Next, Rule 45(d)(3)(A) provides a balancing test to ensure that the burden of compliance is not excessive compared with the potential benefit. At the outset, the court notes that TU lodged only "general objections" to the subpoena, which lack both specificity and responsiveness. (See generally R. 8, Pl.'s Resp., Ex. F, TU's Resp. Objs. Pl.'s Subpoena.) The court does not consider such objections because they are not specific enough to explain why a discovery request is objectionable. In any event, because Rule 45(d)(1) requires the court to enforce the duty to avoid imposing undue burden or expense on a nonparty subpoena respondent, applying the Rule 45(d)(3)(A) balancing test here, the court finds that the subpoena suffers certain deficiencies. Furthermore, the breadth of the requests is not sufficiently narrow to address Plaintiff's specific needs based on the allegations in his complaint. Courts in this circuit have routinely narrowed similar overly broad discovery requests, emphasizing that proportionality must play a significant role in all cases. *See Claybon v. SCC Westchester Operating Co. LLC*, No. 20 CV 4507, 2021 WL 1222803, at *8 (N.D. Ill. April 1, 2021).

Therefore, consistent with both Rule 45(d)(3)(a) and Rule 26(b)(1), the court amends the requests as follows to avoid imposing an undue burden on TU:

| No. | Ruling |
|---|---|
| 1-3 | The motion is denied. The court finds the temporal scope, from April 2, 2023 (two years preceding the subpoena date) to July 31, 2025, to be reasonable and proportional to the needs of this case. The court finds the scope to be generally reasonable because they seek "Consumer Reports" sent to and "marketing lists [TU] sold" to Defendant pertaining specifically to Plaintiff and not other individuals. If there are no documents responsive to these requests, or others, TU must state, "None." |
| 4 | The motion is granted in part. The scope of this request is overly broad because it seeks "all" documents concerning the subject matter referenced without temporal scope. As such, the court limits the scope of this request and orders TU to provide adequate documentation reflecting any agreements TU had with Defendant, if any, from November 7, 2022 (two years preceding the filing of the class complaint) to July 31, 2025, to sell or send Consumer Reports to Defendant. |
| 5 & 6 | The motion is granted in part. The scope of this request is overly broad because it seeks "all" documents concerning the subject matter referenced without temporal scope. As such, the court limits the scope of these requests and orders TU to produce adequate documentation Defendant sent to TU showing that he was permitted under the FCRA to seek Plaintiff's Consumer Reports from November 7, 2022, to July 31, 2025. |
| 7 & 8 | The motion is granted in part. First, TU is not required to respond to Request No. 7 because it is duplicative of Request No. 8. Second, the scope of Request No. 8 is overly broad because it seeks "all" communications regarding Plaintiff's name and Plaintiff's address. However, there is no explanation as to why communications between TU and Defendant pertaining to Plaintiff's address are relevant to this case. As such, the court limits the scope of Request No. 8 and orders TU to search only for ESI reflecting any communication between TU and Defendant about Plaintiff from April 2, 2023, to July 31, 2025. The court finds that focusing on responsive ESI, if any, is proportional to the needs of this case. |
| 9 | The motion is granted in part. The scope of this request is overly broad because it seeks "all" documents concerning the subject matter referenced without temporal scope. As such, the court limits the scope of these requests and orders TU to produce adequate documentation |

|    |    |
|----|----|
|    | reflecting TU's disclosure to Defendant that he must have a permissible purpose under the FCRA to seek Consumer Reports from November 7, 2022, to July 31, 2025. |
| 10 | The motion is granted. The court finds that this request is not relevant to the claims in the underlying matter because the focus of the documents Plaintiff seeks is on TU's decision making, not Defendant's decision making or Defendant's actions. |
| 11 | The motion is denied. The court finds that the documents Plaintiff seeks may be relevant to establishing Defendant's business practice and to supporting Plaintiff's allegation that his case should proceed as a class action. |

## Conclusion

For the foregoing reasons, TU's motion to quash is granted in part and denied in part. TU is ordered to respond to Request Nos. 1-6, 8, 9, and 11 as specified herein.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**